NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4232
_____

GENARDO DOMINGO MENDOZA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A073-577-601)
Immigration Judge:  Honorable Annie Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2011

Before:  RENDELL and AMBRO,  Circuit Judges
and JONES, II,* District Judge.

(Opinion Filed: November 15, 2011 )
_____

OPINION OF THE COURT
_____

_____

* The Honorable C. Darnell Jones, II, District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

RENDELL, <u>Circuit</u> <u>Judge</u>

Genaro Domingo Mendoza, a native and citizen of the Philippines, petitions for review of the order of the Board of Immigration Appeals ("BIA" or "Board") affirming the Immigration Judge's decision that, because he was a crewman, Mendoza was statutorily ineligible for cancellation of removal. For the reasons discussed below, we will deny the petition.

I.

On June 17, 1994, Mendoza entered the United States at Los Angeles, California on a "C-1/D" visa and was issued an I-94 entry document that authorized him to remain in the country until July 16, 1994. At his time of entry, Mendoza presented to U.S. immigration authorities a Seaman's Service Record Book, issued to him by the Philippine Coast Guard. On August 16, 1994, Mendoza filed an application for asylum, on which he listed his "current immigration status" as "crewman." The application for asylum was denied.

In 2004, Mendoza was placed in removal hearings for failure to depart the United States. After conceding removability, Mendoza requested relief in the form of cancellation of removal, asylum, withholding of removal, and, in the alternative, voluntary departure. Mendoza eventually withdrew his asylum application. In 2006, the IJ found Mendoza statutorily ineligible for cancellation of removal under INA § 240A(c)(1), 8 U.S.C. § 1229b(c)(1), because he entered

the United States as a crewman.[1]  Mendoza also filed a motion to terminate proceedings due to incorrect details in the Notice to Appear.  The IJ allowed the Department of Homeland Security to amend the Notice to Appear to include the correct details and then denied the motion to terminate because the amended details did not significantly modify the reason Mendoza was removable.

The BIA affirmed the IJ's decision on appeal, rejecting Mendoza's argument that he was not a crewman because at the time of his entry to the United States he did not have current employment upon a ship.  Regardless of whether he had ever been employed as a crewman, had any prior training or experience as a crewman, or had located future employment aboard a specific vessel, the Board found Mendoza entered the United States as a crewman because he "secured a visa as a crewman, entered the United States pursuant to that visa, arrived with the intention of working as a seaman, and identified himself as a crewman on his asylum application."  Mendoza filed this timely petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the question whether Mendoza is statutorily ineligible for cancellation of removal under INA § 240A(c)(1), 8 U.S.C. § 1229b(c)(1), due to his status as a crewman.  "We apply substantial evidence review to agency findings of fact, departing from factual findings only where a reasonable adjudicator would be compelled to arrive at a

---

[1] Under section 240A(c)(1)of the Immigration and Nationality Act, "an alien who entered the United States as a crewman subsequent to June 30, 1964" is ineligible for cancellation of removal.

3

contrary conclusion." *Mendez–Reyes v. Att'y Gen. of the U.S.*, 428 F.3d 187, 191 (3d Cir. 2005).

In his petition for review, Mendoza repeats the same argument he made to the BIA: because he was not employed as a crewman prior to his arrival, he cannot be considered a crewman for purposes of cancellation of removal.[2] As the Board correctly noted, however, at the time of his entry Mendoza had secured a "C-1/D" visa (in its decision, the BIA explained: "The 'D' on his visa indicated that he had been accorded 'alien crewman' status under section 101(a)(15(D) of the Act."); he possessed and presented to U.S. immigration authorities a document issued by the Philippine Coast Guard called a "Seaman's Service Record Book"; in a 1994 application for asylum, Mendoza listed his current immigration status as "crewman"; and he testified before the IJ that, when he entered the U.S. in 1994, he was planning on working on a ship. Regardless of his previous or subsequent employment, substantial evidence supports the BIA's conclusion that Mendoza knowingly secured entry into the United States as a crewman.

Accordingly, we will deny Mendoza's petition for review.

---

[2] Mendoza also argues that he cannot be considered a crewman because he was issued an I-94 entry document admitting him as a C-1 alien in transit, rather than an I-95 entry document issued to alien crewman. We agree with the Board that the pertinent inquiry is not the entry document U.S. immigration authorities issued to Mendoza upon his arrival to the United States, but whether the respondent was issued a visa as an alien crewman and entered the United States as a crewman.